■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, FOSTER WHITE, Appellant. — Judgment, Supreme Court, Bronx County (Goldfluss, J.), rendered on December 22, 1980, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sullivan, J. P., Ross, Markewich and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. — Judgment, Supreme Court, Bronx County (Goldfluss, J.), rendered on December 22, 1980, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sullivan, J. P., Ross, Markewich and Milonas, JJ.

■ MARC SCANLAN, Appellant, v BOBBY TAN, Respondent, and DAVID KULE ASSOCIATES, INC., et al., Intervenors-Respondents. — Order and judgment (one paper) of the Supreme Court, New York County (Whitman, J.) entered March 10, 1981 modified, on the law and the facts, to the extent of requiring that a hearing be held to determine the amount of the security interest of David Kule Associates, Inc., at the time that it sold the assets of Blimpie Industries, Ltd., and whether such sale was made in conformity with the security agreement and with the law, all without costs, and otherwise affirmed. Blimpie Industries, Ltd. (Blimpie), a New Jersey corporation, is a fast-food outlet which sells franchises. On March 3, 1978 it was or became indebted to David Kule Associates, Inc. (Kule), which debt it undertook to repay at the rate of $1,144.23 weekly commencing March 17, 1978 to and including March 7, 1980. To secure repayment of the indebtedness, it granted to Kule a security interest in all of its chattels, fixtures and equipment including Blimpie's right to receive franchise fees, accounts receivable, contract rights, general intangibles and instruments, including all such property thereafter acquired. Thereafter, Blimpie issued a franchise to defendant Tan. Under the terms of the franchise Tan agreed to pay Blimpie $1,400 monthly. Additionally, to secure payment of the $84,000 expended by Blimpie in building Tan's Blimpie Shop, Tan gave Blimpie a comprehensive security interest on the store, its fixtures and equipment and inventory. Sometime thereafter petitioner recovered judgment in excess of $17,000 against Blimpie. In aid of execution he brought this turnover proceeding to compel Tan to pay over to him the payments due to Blimpie until his judgment was paid in full. Kule intervened in the turnover proceeding and alleged that Blimpie was in default in payment of its indebtedness to Kule. It asserted its secured interest in the moneys due from Tan for the purpose of defeating the turnover. Special Term agreed with Kule and denied plaintiff's application. We modify to the extent only of remanding the matter for hearing. Since there is no dispute that Kule's security interest was properly filed, it is axiomatic that it takes precedence over the lien of a judgment creditor armed with execution. The problem here involved stems from the allegation in Kule's papers that in May, 1980 Blimpie was indebted to Kule in a sum in excess of $500,000. The papers indicate that, if Blimpie made the payments required of it, the debt would have been repaid and the security interest given to insure repayment of the original loan would have ceased to have effect. It may well be that Kule and its subsidiary DKA Restaurant Corp. extended additional credit or lent additional moneys to Blimpie. Additionally, it may be that Blimpie defaulted on the original debt. If this happened then Kule was clearly entitled, under its security interest, to sell the property of Blimpie, including Blimpie's right to payment from Tan, at public auction, a procedure which Kule asserts it followed. However, in this turnover proceeding plaintiff had the right to examine into the almost five-fold increase in